# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| BRENDA DICKEY | * | CIVIL ACTION NO.   12-3036 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is plaintiff's motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) [doc. # 17].  The Commissioner did not file a response; therefore the motion is deemed unopposed.  *See* Notice of Motion Setting [doc. # 18].[1]  As detailed below, it is recommended that the motion be GRANTED, as modified.

## Background and Timeline

On December 6, 2012, Brenda Dickey, represented by attorney Matthew Lane, filed the instant complaint for review of the Commissioner's denial of social security disability benefits. On November 21, 2013, the court entered an order granting the Commissioner's unopposed motion to reverse and remand the matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  (Nov. 21, 2013, Order [doc. # 14]).  On December 6, 2013, the court

---

[1]  Although the Commissioner has no direct financial interest in the § 406(b) award, she acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*,  535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

granted plaintiff an extension of time to file the instant § 406(b) motion for attorney's fees until 60 days after receipt of written notice of the claimant's total past due benefits.  *See* doc. #s 15-16.  However, apparently due to oversight, plaintiff, via counsel, did not file a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

A different attorney, Chris Foster, represented plaintiff upon remand.  In August 2015, plaintiff obtained a favorable decision before an ALJ.  On August 19, 2015, the Commissioner issued plaintiff a Notice of Award, explaining that her past-due benefits totaled $56,432.90, but that the agency had withheld 25 percent of the award ($14,108.23), to pay her attorney(s).  (Aug. 19, 2015, Notice of Award; M/Fees, Exh. B).  The Notice further specified that the agency intended to pay plaintiff's attorney $6,000,[2] and that it would continue to withhold the remaining $8,108.23 until it determined "whether or not the U.S. District Court will authorize a fee for your lawyer's services on your behalf before the court."  *Id*.

Over one year later, on October 29, 2016, plaintiff, via Mr. Lane, filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (sometimes referred to herein as "§ 406(b) fees").  Mr. Lane seeks to recover § 406(b) fees in the amount of $6,007.50 for his work before this court.  In effect, counsel seeks a fee award that amounts to 10.65 percent of plaintiff's past due benefits ($6,007.50/$56,432.90).[3]

In further support of the § 406(b) petition, counsel submitted a Contingency Fee

---

[2]  According to the motion, the agency remitted $6,000 to Mr. Foster for his work on plaintiff's behalf at the administrative level.  (M/406(b) Fees, Memo., pg. 2).

[3]  In his brief, counsel indicating that he sought 9.39 percent of his client's past due benefits.  (M/406(b) fees, Memo., pg. 6).  However, he does not explain how he derived that percentage.

Agreement ("Contract") executed by plaintiff and Mr. Lane on December 1, 2012.  (Contract;

M/406(b) fees, Exh. C).  The Contract states, *inter alia*, that "the fee for the Attorney's services

is twenty-five percent (25%) of any and all past-due benefits awarded to my family and me . . ."

*Id*.  It also authorized Mr. Lane to seek all fees and costs allowed under EAJA.  *Id*.  Moreover, if

Lane were to receive a contingency fee and an EAJA Fee for the same work, he was obliged to

refund the lower of the two fees to his client.  *Id*.[4]

## Law

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment, and the Commissioner
> of Social Security may, notwithstanding the provisions of section 405(I) of this
> title, but subject to subsection (d) of this section, certify the amount of such fee
> for payment to such attorney out of, and not in addition to, the amount of such
> past-due benefits. In case of any such judgment, no other fee may be payable or
> certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In *Gisbrecht v. Barnhart*, the Supreme Court recognized that contingent-fee agreements

remain the primary source for determining the fee that a claimant owes his attorney for

representation in federal court.  *Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1828.  Pursuant to §

406(b), however, courts also must review fee agreements to ensure that they yield "reasonable

results in particular cases."  *Id*.  For fees within the 25 percent boundary, the burden remains with

---

[4] The Contract also included a termination clause that permitted plaintiff to terminate the
agreement subject to her obligation to pay her attorney a fee for his time and services as approved
by the district court.  *Id*.  However, counsel has not indicated that plaintiff ever terminated the
Contract.

the attorney for the successful claimant to show that "the fee sought is reasonable for the services rendered." *Id.* Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. at 1828. In its assessment of the reasonableness of the fee prescribed by the fee agreement, the court may require the attorney to submit a record of the number of hours that he expended on the case and his normal hourly billing charge in noncontingent fee cases. *Id.*

In *Jeter v. Astrue*, the Fifth Circuit examined *Gisbrecht* and discerned therefrom that lower courts are not precluded from considering the lodestar (the number of hours reasonably expended by the attorney in the case multiplied by his reasonable hourly fee) in their 406(b) fee determinations. *Jeter v. Astrue*, 622 F.3d 371(5th Cir. 2010). The court explained that

> where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney - and thus not attributable to the attorney's representation of the client before the court.

*Id.*

Although the Fifth Circuit declined to prescribe an exhaustive list of factors that lower courts should consider to determine whether a particular fee is unearned, the court did cite some factors considered by other courts, including, risk of loss in the representation, attorney experience, percentage of the past-due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consents to the fee. *Id.*

## Analysis

**I.      Timeliness**

A motion for attorney's fees under § 406(b) is governed by Federal Rule of Civil

Procedure 54(d)(2) which provides that the motion for fees must be filed no later than 14 days

after entry of judgment "unless otherwise provided by statute or order of the court."  *Pierce v.*

*Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2).  Paradoxically, however,

a § 406(b) fee motion is not available until a favorable award is issued by the Commissioner,

which, as in this case, may not occur until months or years following remand.  Recognizing this

dilemma, plaintiff's counsel obtained an open-ended extension of time to file the instant motion

until 60 days after receipt of written notice of the claimant's total past due benefits.

According to plaintiff's counsel, he did not receive written notice of the Commissioner's

August 19, 20**15**, Notice of Award until August 29, 20**16**,– ten days after he formally requested it

from the Commissioner,[5] and apparently six days after it was sent from the agency's service

center in Kansas City Missouri.  *See* M/§ 406(b) fees, Exh. B.  However, counsel did not file the

instant motion until Saturday, October 29, 2016, – **61** days after receipt of the written notice.

Counsel did not acknowledge that his motion was filed one day late, or otherwise provide

any explanation for the dilatory filing.  In fact, there is no apparent reason for counsel to have

waited approximately 60 days after receipt of the notice of award to file the motion.

---

[5]  Counsel's billing records indicate that Mr. Lane initially requested a copy of the Notice
of Award from Mr. Foster in August 2015 and then again in September.  *See* M/ § 406(b) fees,
Exh. B.  At the end of October 2015, Mr. Lane advised the Commissioner that he intended to file
a motion for 406(b) fees.  *Id*.  Six months later, in April 2016, Lane asked his client to complete a
form authorizing the agency to provide him with a copy of the Notice of Award.  *Id*.  Lane did
not receive the completed form from his client until August 19, 2016, which he then promptly
forwarded to the agency.  *Id*.

Nonetheless, in order to avoid an "unconscionable result," the court will exercise its "broad

equitable powers" to excuse counsel's out-of-time motion.  *See Daigle v. Soc. Sec. Admin.*, Civ.

Action No. 06-2393, 2010 WL 3522389, at \*3 (W.D. La. Aug. 31, 2010) (citation omitted).[6]

## II.      Reasonableness

The Commissioner initially withheld $14,108.23 to compensate the claimant's

attorney(s), but remitted $6,000 to Mr. Foster for services rendered at the administrative level.

Therefore, the Commissioner currently holds $8,108.23 for potential payment to Mr. Lane – a

sum that is authorized under the Contract.  In lieu of the full $8,108.23, however, plaintiff's

counsel seeks a fee award of $6,007.50, which he divined by multiplying $225 (his customary

hourly rate) by 26.7 (the number of hours that he purportedly expended on plaintiff's behalf in

federal court).  Counsel explained that he did not seek the additional $2,100.73 because of his

error in failing to file an EAJA fee petition.  (M/§ 406(b) fees, Memo., pgs. 6-7).  Stated

differently, he contends that $2,100.73 will compensate his client for his failure to file an EAJA

fee.  The court disagrees.

An "EAJA award offsets an award under Section 406(b), so that the [amount of the total

past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to

the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht, supra* (citing

brief by the United States).  A lodestar calculation is employed to make awards under the EAJA.

*Brumley v. Colvin*, Civ. Action No. 12-2966, 2015 WL 1825295, at \*1 (W.D. La. Apr. 21, 2015).

For the period at issue, the court customarily awarded EAJA fees at an hourly rate of $150.  *See*

---

[6]  Counsel is cautioned, however, that should he file an out-of-time motion for attorney's
fees in a subsequent case, the court will not be so accommodating.

*Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment).  Furthermore, although counsel claims to have performed 26.7 hours of work on his client's behalf before the court, it is apparent that his billing records include time for work performed at the administrative level, which is not compensable under the EAJA or § 406(b).  *Clifton v. Heckler*, 755 F.2d 1138, 1142 (5th Cir. 1985) (proceedings before the Social Security Administration are not adversary adjudications and are thus are not covered by the EAJA); *Gisbrecht, supra*.

Upon review of counsel's billing records, the court finds that Mr. Lane expended 20.5 hours on this matter before the court.[7]  Therefore, if counsel had filed an EAJA fee petition in this case, he likely would have obtained an award of $3,075 (20.5 hours x $150/hr.).  Accordingly, the court will not employ counsel's lodestar method to derive his § 406(b) fee.  Instead, the court will start with the $8,108.23 retained by the commissioner.  A fee award for this amount would result in an hourly rate roughly 1.75 times[8] greater than counsel's ordinary billing rate.  This multiplier is well within the range of awards upheld by this and other courts.  *See, Randolph v. Astrue*, Civil Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein).

The undersigned further observes that counsel obtained a favorable outcome herein, with

---

[7]  This figure includes all time spent by Lane through the date of the November 21, 2013, order of remand, plus the .4 hours he expended to obtain an extension of time to file the instant motion.

[8]  $8,108.23/20.5 hrs./$225

no indication of undue delay on his part.  However, the court finds that the $8,108.23 sum must

be reduced by $3,075 – the amount of the EAJA fee award that counsel should have obtained on

his client's behalf.  *Iliceto v. Sec'y of Dep't of Health & Human Servs., of U.S.*, Civ. Action No.

83-2160, 1990 WL 186254, at *2 (E.D. N.Y. Nov. 14, 1990) (reducing 406(b) fees by amount of

EAJA fees that would have been awarded if counsel had filed EAJA fee petition); *Allen v.*

*Comm'r of Soc. Sec.*, Civ. Action No. 10- 0068, 2012 WL 1596661, at *5 (S.D. N.Y. Apr. 27,

2012), report and recommendation adopted, 2013 WL 6331727 (S.D. N.Y. Dec. 5, 2013) (same);

*Rathe v. Soc. Sec. Admin.*, Civ. Action No. 08-3011, 2009 WL 2058526, at *2 (D. Neb. July 8,

2009) (same).  This reduction results in a net award of $5,033.23 for counsel's work in federal

court – an effective fee equal to 8.9 percent of plaintiff's past due benefits, which is reasonable

and well within the congressionally-capped maximum.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion for authorization of attorney fees

pursuant to 42 U.S.C. § 406(b) [doc. # 17] be GRANTED, as modified, and that plaintiff's

counsel, Matthew Lane, Jr., receive the net sum of $5,033.23.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court.  A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 29th day of November 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE